## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Alfred D Porter, | Case No. 2:23-cv-00551-CDS-VCF |
| Plaintiff, | **ORDER** |
| vs. | APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1) |
| Laborers Union Local 872, et al., | |
| Defendants. | |

Plaintiff filed an application to proceed in forma pauperis (IFP) and a complaint. ECF Nos. 1 and 1-1.  I grant plaintiff's IFP application. ECF No. 1. I dismiss his complaint without prejudice. ECF No. 1-1.

## DISCUSSION

Plaintiff's filings present two questions: (1) whether plaintiff may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether plaintiff's complaint states a plausible claim for relief.

**I.    Whether Plaintiff May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff alleges that he is a homeless day laborer with seventy dollars in his account. ECF No. 1. I grant plaintiff's IFP application.

**II.    Whether Plaintiff's Complaint States a Plausible Claim**

    **a. Legal Standard**

Since I grant plaintiff's IFP application, I review plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal

Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

    **b. Complaint**

Plaintiff's complaint is difficult to read, but it appears that he went to a job training center to take some sort of an "OSHA 30 class" but that the center discriminated against him because he is a "fair skin (sic) black man it's was (sic) 90 percent Mexican descent people taking the classes…so I ask (sic) the instructor when was the next OSHA 30 class was he said to me y (sic) do u whent (sic) to take it's for people whos going to be leads." ECF No. 1-1 at 4. Plaintiff brings these claims against Laborers Union

Local 872 and Ray Espinoza, apparently a representative for the union.

Construing plaintiff's allegations liberally, he may be trying to claim that the union violated its duty of fair representation. A union breaches its duty of fair representation only when its conduct toward a member is "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S. Ct. 903, 17 L. Ed. 2d 842 (1967). The United States Supreme Court has long recognized that unions must retain wide discretion to act in what they perceive to be in their members' best interests. See, e.g., *Ford Motor Co. v. Huffman*, 345 U.S. 330, 337-38, 73 S. Ct. 681, 97 L. Ed. 1048 (1953). The Ninth Circuit has "stressed the importance of preserving union discretion by narrowly construing the unfair representation doctrine." *Johnson v. United States Postal Service*, 756 F.2d 1461, 1465 (9th Cir. 1985). Courts should "accord substantial deference" to a union's decisions regarding such matters. *Id.* at 1466. A union's representation of its members "need not be error free." *Castelli v. Douglas Aircraft Co*., 752 F.2d 1480, 1482 (9th Cir. 1985). The Ninth Circuit has repeatedly stated that mere negligent conduct on the part of the union does not constitute a breach of a union's duty of fair representation. *Peterson v. Kennedy*, 771 F.2d at 1253. Claims of Title VII violations limit liability to the employer, and such liability does not extend to the employees. *Miller v. Maxwell's Intern. Inc*., 991 F.2d 583, 587-88 (9th Cir. 1993). The same principle applies to union officers and employees who are immune from personal liability for acts undertaken as union representatives. See *id.*

Plaintiff's allegation that the union discriminated against him when they asked why he wanted to sign up for a certain training because he is black and most of the union members are Latino is conclusory. Plaintiff's potential claim that the union did not represent him with his best interests in mind fails to state a claim on which relief may be granted. The individual union representative is immune from liability and should be dismissed as a defendant. Plaintiff also has failed to draft a complaint that gives each defendant fair notice of plaintiff's claims and the grounds upon which they rest per Rule 8.

3

Plaintiff fails to articulate a claim or claims against any defendant.  It is possible that these deficiencies may be cured through amendment.  Plaintiff's complaint is dismissed without prejudice. Plaintiff must file an amended complaint explaining how this Court has jurisdiction over the defendants, the circumstances of the case, the relief plaintiff seeks, and the law upon which he relies in bringing the case.  The amended complaint must be "complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading.  LR 15-1(a).

ACCORDINGLY,

I ORDER that plaintiff Alfred D Porter's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

I FURTHER ORDER that plaintiff's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that plaintiff has until Wednesday, May 24, 2023, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 24th day of April 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE